TUCKER ELLIS LLP
Brian K. Brookey SBN 149522
brian.brookey@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiff,
SERIOUSLY AWESOME STUFF, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERIOUSLY AWESOME STUFF, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>TAYLOR JAMES, LLC dba SUPERGOOP!<br><br>  Defendant. | Case No. 2:21-cv-7399<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Seriously Awesome Stuff, ("SAS"), complains as follows against Defendant Taylor James, LLC dba Supergoop! ("Supergoop!").

**JURISDICTION AND VENUE**

1.   This is a civil action for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A); and for unfair competition under the California Unfair Competition Law, California Business & Professions Code § 17200 *et seq*.

2.   This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338, and 1367(a).

5283576.1

3. Supergoop! transacts and does business within this judicial district and is committing the acts complained of below within this judicial district. As a result, Supergoop! is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because, among other reasons, Supergoop! resides in this district; a substantial part of the events or omissions giving rise to SAS's claims occurred in this district and a substantial part of property that is the subject of the action is situated here; and Supergoop! is subject to the Court's personal jurisdiction.

## THE PARTIES

5. SAS is a California limited liability company with its principal place of business at 832 Monterey Boulevard, Hermosa Beach, CA 90254.

6. SAS alleges on information and belief that Supergoop! is a Texas limited liability company with its principal place of business at 200 East Grayson Street, Suite 112, San Antonio, Texas 89215.

## SAS'S BUSINESS AND WELL-KNOWN TRADEMARK

7. SAS is a family owned and operated company located in Southern California. Its flagship product is called "DAILY DOSE Miracle Moisture Leave-In Conditioner." This is a hair treatment product intended to condition and de-tangle hair. Nothing on the product's label specifies the amount of the product to be used by a consumer, nor the frequency with which it should be used.

8. On October 5, 2018, Love Child Labs, LLC, a company related to SAS, filed an intent to use trademark application for DAILY DOSE. The examiner determined that there were no conflicting marks, and raised no questions as to whether DAILY DOSE was descriptive. Accordingly, the application was approved.

9. The conditioner product was launched in July 2019. A registration certificate for DAILY DOSE in International Class 3 for hair care preparations, Registration Number

5283576.1

5,881,321, issued on October 8, 2019.  A copy of the registration certificate is attached as Exhibit 1.

10. In April 2020, the mark and all associated goodwill were transferred to SAS, and the assignment was recorded with the USPTO on May 25, 2020. A copy of the assignment is attached as Exhibit 2.

11. SAS and Love Child Labs have used the DAILY DOSE mark in the same manner, and the mark has been used continuously since July 2019

12. SAS's product was an immediate success, with sales increasing substantially year over year, and press coverage and reviews praising the effectiveness and quality of the product. Customer reviews and comments demonstrate that consumers perceive the mark DAILY DOSE as a source-identifier and not a description of the product.

13. Consumers associate products provided under the DAILY DOSE mark as high quality, and as emanating from SAS and its predecessor as the single source of those goods.

## SUPERGOOP!'S UNLAWFUL ACTIVITIES

14. Unlike the family business SAS, Supergoop! is a large company that boasts such celebrity investors as Maria Sharapova. According to Supergoop!, its annual sales in 2018 alone exceeded $40 million.

15. Traditionally, Supergoop! has sold products under its federally-registered mark SUPERGOOP!

16. Supergoop! also owns a federally registered trademark for EVERY.SINGLE.DAY, which it uses on products it sells with express instructions for those products to be used "every.single.day."

17. Despite the existence of its own trademarks, at some point Supergoop! decided to appropriate SAS's DAILY DOSE mark for its own.

18. Supergoop! currently markets and sells at least one product incorporating the DAILY DOSE mark, which it calls "Supergoop! Daily Dose Vitamin C + SPF."  These sales are made online, through Supergoop!'s own website, and through third-party online

5283576.1

retailers such as Amazon. Supergoop! also sells products through such brick and mortar stores as Sephora, throughout California and elsewhere.

19. SAS alleges on information and belief that before launching a product incorporating the DAILY DOSE mark, Supergoop! was aware of SAS's preexisting trademark rights in that mark.

20. SAS alleges on information and belief that in appropriating the DAILY DOSE mark, Supergoop! intended to trade on the goodwill associated with that mark, and to confuse consumers as to the source of the goods sold under the DAILY DOSE mark.

21. After SAS discovered Supergoop!'s infringement, it sent a number of letters to Supergoop! and its counsel requesting that Supergoop! cease and desist from its infringement.

22. Supergoop! not only refused to stop infringing, but it increased its infringing activities by expanding the channels of distribution and trade in which it was selling.

23. Supergoop! responded to SAS's efforts to seek an amicable resolution of the parties' dispute by filing a petition with the Trademark Trial and Appeal Board of the United States Patent and Trademark Office seeking cancellation of the DAILY DOSE registration.

24. Supergoop! continued its pattern of aggression by filing an early motion for summary judgment, which the Trademark Trial and Appeal Board denied.

## COUNT I
## TRADEMARK INFRINGEMENT

25. SAS repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 24 of this Complaint as though set forth fully here.

26. SAS is the sole owner of the DAILY DOSE mark, and has never licensed the mark to Supergoop! nor authorized Supergoop!'s use of the mark.

27. Supergoop! is using in interstate commerce the identical DAILY DOSE mark in a manner that is likely to cause confusion among actual and potential consumers, end users, vendors, and the general public.

5283576.1

28. SAS alleges on information and belief that Supergoop!'s conduct is willful, that Supergoop! was well aware of the DAILY DOSE mark before it choose that mark for its own goods, and that Supergoop!'s conduct was expressly designed to create confusion as to source of the goods offered by the respective parties, and to create a false association between SAS and Supergoop!.

29. Supergoop!'s conduct as alleged above constitutes infringement of the DAILY DOSE mark pursuant to 15 U.S.C. § 1114(1).

30. As a remedy for Supergoop!'s willful infringement, SAS is entitled to monetary damages against Supergoop! in an amount according to proof.

31. Additionally, Supergoop!'s conduct makes this case exceptional, entitling SAS to an award of attorneys' fees.

32. Supergoop!'s willful infringement has caused and, unless it is enjoined, will continue to cause irreparable harm and damage to SAS and its business, reputation, and goodwill. As a result, there is no adequate remedy at law, and SAS is entitled to a preliminary and permanent injunction against Supergoop! and everyone acting in concert with it.

## COUNT II
## FALSE DESIGNATION OF ORIGIN

33. SAS repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 32 of this Complaint as though set forth fully here.

34. The registered DAILY DOSE mark designates SAS as the exclusive source of goods provided under that mark. Consumers encountering the DAILY DOSE mark associate it with SAS.

35. The DAILY DOSE mark is inherently distinctive, and had gained secondary meaning long before Supergoop! adopted the mark for its own products.

36. Supergoop!'s use in interstate commerce of the DAILY DOSE mark is likely to, and on information and belief is expressly designed to, cause confusion, mistake, and

5283576.1

deception in the minds of actual and potential consumers, end users, vendors, and the general public.

37. Individuals encountering the DAILY DOSE mark are likely to believe that SAS and Supergoop! are the same company, or that there is some sponsorship, business relationship, or other affiliation between the parties.

38. Supergoop! knew or should have known that its use of the registered DAILY DOSE mark would cause such confusion. SAS alleges on information and belief that Supergoop!'s use was designed to cause confusion in an attempt to trade on the goodwill associated with the DAILY DOSE mark, or to pass itself off as being the same company as, or affiliated with, SAS.

39. Supergoop!'s conduct as alleged above constitutes false designation of origin pursuant to 15 U.S.C. § 11125(a)(1)(A).

40. Additionally, Supergoop!'s conduct makes this case exceptional, entitling SAS to an award of attorneys' fees.

41. Supergoop!'s willful false designation of origin has caused and, unless it is enjoined, will continue to cause irreparable harm and damage to SAS and its business, reputation, and goodwill. As a result, there is no adequate remedy at law, and SAS is entitled to a preliminary and permanent injunction against Supergoop! and everyone acting in concert with it.

## COUNT III

## UNFAIR COMPETITION UNDER CALIFORNIA LAW

42. SAS repeats, realleges, and incorporates by reference the allegations of paragraph 1 through 41 of this Complaint as though set forth fully here.

43. By engaging in the activities complained of above, Supergoop! has intentionally caused a likelihood of confusion among consumers and the general public. These acts constitute fraudulent, unlawful, and unfair business practices and misleading advertising, as defined and prohibited by California's Unfair Competition Law, California Business and Professions Code §17200 *et seq.*

5283576.1

44. Supergoop!'s acts of unfair competition were and are willfully undertaken with full knowledge of SAS's intellectual property rights, and with the intent to benefit from SAS's reputation and goodwill, and to "pass off" Defendant's goods and services as emanating from or affiliated with SAS.

45. Supergoop!'s acts of unfair competition have caused and, unless enjoined, will continue to cause irreparable harm and damage to SAS and its business, reputation, and goodwill. As a result, there is no adequate remedy at law, and SAS is entitled to a preliminary and permanent injunction against Supergoop! and everyone acting in concert with it.

46. Supergoop! has profited from its unfair business practices.

47. As a remedy for Supergoop!'s acts of unfair competition, SAS is entitled to monetary damages and restitution from Supergoop!.

## **PRAYER FOR RELIEF**

THEREFORE, SAS prays for judgment as follows:

A. That a preliminary and permanent injunction be entered, enjoining Supergoop! and its agents, servants, employees and attorneys and those persons in active concert or participation with them:

    1. from using the DAILY DOSE mark or any other mark which confusingly similar to that mark, including, without limitation, as a trademark, service mark, corporate name, trade name, as part of a domain name, on any social media platform, and in any marketing, advertising, or promotional materials;

    2. from using in connection with the sale of any goods or services, a false or misleading description or representation including words or other symbols tending to deceive; and

    3. from committing any acts of unfair competition, unfair trade practices, false advertising, or any other unlawful or fraudulent activities relating to the DAILY DOSE mark;

5283576.1

B. That Supergoop! be required to pay such actual damages as SAS has sustained because of Supergoop!'s violations of the Lanham Act as alleged above, and that such an award be trebled pursuant to 15 U.S.C. § 1117;

C. That Supergoop! be required to account to SAS for all profits resulting from Supergoop!'s infringing activities, and that such profits be trebled pursuant to 15 U.S.C. § 1117;

D. That the Court find this case exceptional and award SAS its reasonable attorneys' fees incurred in this matter;

E. That SAS be granted injunctive relief and an award of restitution for Supergoop!'s violation of California Business and Professions Code §17200 *et seq.*;

F. That SAS be awarded its reasonable costs of suit; and

For such other or additional relief the Court deems proper.

DATED: September 15, 2021              TUCKER ELLIS LLP


                                       By:    /s/ Brian K. Brookey
                                              Brian K. Brookey
                                              Attorneys for Plaintiff,
                                              SERIOUSLY AWESOME STUFF, LLC

5283576.1

## DEMAND FOR JURY TRIAL

Plaintiff, Seriously Awesome Stuff, LLC, demands trial by jury of all issues so triable.

DATED: September 15, 2021            TUCKER ELLIS LLP

By:   /s/ Brian K. Brookey
      Brian K. Brookey
      Attorneys for Plaintiff,
      SERIOUSLY AWESOME STUFF, LLC

5283576.1